**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                              |   |                                    |
|------------------------------|---|------------------------------------|
|                              | * |                                    |
| **EHREN VAN WART,**          | * |                                    |
|                              | * |                                    |
| Van Wart,                    | * |                                    |
|                              | * |                                    |
| v.                           | * | Criminal Case No.: RWT-07-0492     |
|                              | * | Civil Action No.: RWT-12-0912      |
| **UNITED STATES OF AMERICA,**| * |                                    |
|                              | * |                                    |
| Respondent.                  | * |                                    |
|                              | * |                                    |

**MEMORANDUM OPINION**

On June 19, 2008, a jury found Petitioner Ehren Van Wart guilty of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g). Gov't Resp. in Opp'n at 3, July 23, 2012, ECF No. 88. During the sentencing hearing on May 4, 2009, consistent with 18 U.S.C. § 3553(a) and the Supreme Court's decision in *United States v. Booker*, the Court considered the advisory U.S. Sentencing Guidelines (U.S.S.G.) to determine a sentence that was "sufficient, but not greater than necessary." *See* 18 U.S.C. § 3553(a) (2006); *United States v. Booker*, 543 U.S. 220, 248–49, 259–60 (2005) (holding that the U.S.S.G. are advisory); Sentencing Hr'g Tr. at 45–51, May 4, 2010, ECF No. 72.

After determining Van Wart's Criminal History Category, the Court considered the application of several Offense Level enhancements recommended in the Pre-Sentence Report (PSR). Sentencing Hr'g Tr. at 6–23. The Court heard from Van Wart's counsel, William Brennan, Jr., and William Mitchell, and Assistant U.S. Attorney (AUSA) Barbara Skalla and ultimately decided to apply several enhancements, including a two-level adjustment pursuant to U.S.S.G. § 3C1.1 and a four-level adjustment under U.S.S.G. § 2K2.1. *Id.* at 23. These enhancements brought Van Wart's sentencing guidelines range to 110-137 months imprisonment. *Id.* at 51 After

carefully considering the factors set forth in 18 U.S.C. § 3553(a), this Court sentenced Van Wart to the statutory maximum sentence of 120 months imprisonment, followed by three years of supervised release. *Id.*; ECF No. 59.

The Court of Appeals for the Fourth Circuit affirmed Van Wart's conviction on November 24, 2010, *United States v. Van Wart*, 401 Fed. App'x 794, 799 (4th Cir. 2010), and on March 21, 2011, the United States Supreme Court denied Van Wart's petition for writ of certiorari, *Van Wart v. United States*, No. 10-9091, 131 S.Ct. 1714 (2011).

## PROCEDURAL HISTORY

Now pending before the Court is Van Wart's timely *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed on March 23, 2012. Pet'r's Mot. Vacate, Mar. 23, 2012, ECF No. 79. On April 4, 2012, this Court issued an order directing Respondent, the United States of America (the Government), to respond to Van Wart's motion. ECF No. 80.

On June 11, 2012, the Government moved for an order that Van Wart has "impliedly waived the attorney-client privilege with respect to his ineffective assistance of counsel claims." ECF No. 84. The Court issued an order to that effect on June 12, 2012. ECF No. 85.

On July 23, 2012, the Government filed a Response to Van Wart's motion. Gov't Resp. On September 6, 2012, Van Wart filed his Reply. Pet'r's Reply, Sept. 6, 2012, ECF No. 90.

For the reasons stated below, the Court will deny Van Wart's motion.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct his sentence if it was imposed in violation of the U.S. Constitution. To prevail, a petitioner must prove his grounds for relief by a preponderance of the evidence. *See United*

*States v. Brown*, 546 F. Supp. 2d 312, 314 (E.D. Va. 2008) (citing *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965)).

Van Wart argues that his sentence violates the U.S. Constitution in two ways: first, he claims that he received ineffective assistance of counsel during pleading, at sentencing, and on appeal in violation of the Sixth Amendment; and second, he claims that the statute under which he was convicted, 18 U.S.C. § 922(g), is unconstitutional. Pet'r's Mot. Vacate at 1–8.

## I.     Van Wart's Ineffective Assistance of Counsel Claims

Courts examine Sixth Amendment ineffective assistance of counsel claims under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, defendants must show (1) that their attorneys' performance or actions were objectively unreasonable (the "performance prong"); and (2) that the defendant suffered prejudiced as a result (the "prejudice prong"). *See id.*; *United States v. Davis*, 346 Fed. App'x 941, 943 (4th Cir. 2009). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687; *Davis*, 346 Fed. Appx. at 944 ("Courts may bypass the performance prong and proceed directly to the prejudice prong when it is easier to dispose of the case for lack of prejudice"). Courts apply the *Strickland* test to claims of ineffective assistance at pleading, *United States v. Brannon*, 48 Fed. App'x 51, 53 (4th Cir. 2002) (unpublished), at sentencing, *United States v. Stitt*, 552 F.3d 345, 350 (4th Cir. 2008), and on appeal, *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000).

The *Strickland* test sets a high bar for defendants. To satisfy the first prong, a defendant must prove that his attorney's actions were not "sound strategy" and were so far outside the "wide range of reasonable professional assistance" as to overcome judges' substantial deference

to attorney decision-making. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986); *Strickland*, 466 U.S. at 689. To meet the second prong, defendants must prove they were "actually prejudiced"—that is, there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Marlar v. Warden, Tyger River Corr. Inst.*, 432 Fed. Appx. 182, 188 (4th Cir. 2011).

A. <u>Van Wart's Ineffective Assistance of Counsel During Pleading Claim Fails.</u>

Van Wart makes a number of allegations that he received constitutionally ineffective assistance of counsel during the pleading process. He alleges that Mr. Brennan and Mr. Mitchell induced him to plead not guilty and proceed to trial by: (1) mischaracterizing the strength of the Government's case against him and describing his case as "winnable"; (2) understating the disparity between likely sentences under a guilty plea or possible plea bargain versus a jury verdict; and (3) inadequately investigating his case. Pet'r's Mot. Vacate at 1–8. He further alleges that counsel (4) failed to attempt plea negotiations with the Government; and (5) failed to afford him adequate time to consider a thirty to thirty-seven month plea offer he claims the government made. *Id.* Van Wart argues that each alleged deficiency was objectively unreasonable and that absent these attorney shortcomings, there is a reasonable probability that he would have pleaded guilty and received a lower sentence. Pet'r's Mem. at 16, Mar. 19, 2012, ECF No. 79-1.

   i.   *Van Wart fails to demonstrate that his allegations of ineffective assistance of counsel are true or that they constitute objectively unreasonable performance.*

None of Van Wart's allegations is sufficient to satisfy *Strickland*'s stringent requirements for the performance prong. With the exception of allegation four, his self-serving assertions of

fact are either implausible or actually contradicted by the record.[1] The Court will address the factual and legal deficiencies of each allegation in turn.

First, there is nothing in the record suggesting that Van Wart's experienced trial attorneys mischaracterized the strength of the Government's case or described his case as "winnable." Van Wart supports his allegation with a largely incredible narrative implying that Mr. Mitchell induced Van Wart to go to trial because Mr. Mitchell wanted more courtroom experience. Pet'r's Mot. Vacate at 11. [2] Additionally, both Mr. Mitchell and Mr. Brennan aver that they never called Van Wart's case "winnable." ECF Nos. 88-2, 88-3. Rather, they assert that they repeatedly and "strongly recommended" that Van Wart consider pleading guilty. ECF Nos. 88-2, 88-3. Van Wart, in his Reply, merely restates his bald allegations but provides no evidence beyond them. *See* Pet'r's Reply at 2.

Second, Van Wart's allegation that counsel understated his possible sentencing exposure is contradicted by the record. Among Mr. Brennan's notes from meeting with Van Wart is a

---

[1] Most of Van Wart's allegations rest upon disputed facts. Where an allegation of attorney misconduct turns on disputed material facts, courts hold evidentiary hearings and make credibility determinations. 28 U.S.C. § 2255(b); *United States v. Coon*, 205 Fed. Appx. 972, 973 (4th Cir. 2006) (unpublished). However, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Jackson v. United States*, 638 F. Supp. 2d 514, 528 (W.D.N.C. 2009) (internal quotation marks omitted) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *see also Higgs v. United States*, 711 F. Supp. 2d 479, 553–53 (D. Md. 2010) (internal quotation marks omitted) (denying petitioner's request for evidentiary hearing during § 2255 motion because his allegations "do not allege any facts which are either potentially credible or, if taken as true, would merit relief"). Van Wart's fact allegations are either "contradicted by the record [or] inherently incredible." *Jackson*, 638 F. Supp. 2d at 528 Moreover, as discussed below, even if Van Wart's allegations were true, he cannot satisfy the prejudice prong. Therefore, no evidentiary hearing is necessary to dispose of Van Wart's § 2255 motion.

[2] Van Wart alleges: "I said 'Lets [sic] go to trial then', and counsel Mitchell shouted 'Yeah, we will win at trial' so suddenly and loudly that counsel Brennan turned around and looked at him.

handwritten diagram juxtaposing a "worst case" scenario against a "plea" scenario. ECF No. 88-4. This document clearly indicates that the potential difference in sentencing exposure between pleading guilty and going to trial was as high as eighty-two months. *Id.* The Government has also provided the Court with printouts of documents Mr. Mitchell brought to meetings with Van Wart, including diagrams estimating base U.S.S.G. ranges and printouts of the various sentencing enhancements that were likely to apply, including U.S.S.G. § 2K2.1. ECF No. 88-4.[3] Although Van Wart claims that he has never seen these documents, he alleges no facts supporting that self-serving assertion. Pet'r's Reply at 2–3.

Third, Van Wart's allegation that counsel inadequately investigated his case is actually refuted by Van Wart's own filings. He alleges that his attorneys did not interview a key Government witness, Kofi Agbemble, but that they assured him Agbemble would not appear at trial, or if he did, Agbemble's testimony would not incriminate Van Wart. Pet'r's Mem. at 11; Pet'r's Reply at 3 ("Counsel told me . . . US Witness Agbemble was going to testify that he had never seen the [gun] at any time, that . . . he did not ever see me possess it"). However, Van Wart's allegation is contradictory—had counsel not interviewed Agbemble they could not have known the content of his likely testimony. Moreover, this allegation is undermined by the record; Mr. Brennan avers that he did interview Agbemble and provides the Court with his hand-written notes from that meeting. ECF Nos. 88-2, 88-4.

Fourth, Van Wart's allegation that counsel did not independently pursue a plea agreement on his behalf is not disputed by the Government. *See* Gov't's Resp. However, the Fourth Circuit

---

Counsel Mitchell was a younger attorney, and he seemed to have a strong desire to get more experience in conducting a federal jury trial." Pet'r's Mot. Vacate at 11.

[3] Counsel would not at that time have known that Van Wart was going to suborn perjury, and so counsel could be forgiven for not bringing a printout of U.S.S.G. § 3C1.1—the enhancement that applies when a defendant obstructs justice—to meetings with Van Wart.

held in an unpublished opinion that "counsel does not have a general duty to initiate plea negotiations," but it may be relevant if counsel was acting reasonably in not pursuing a plea bargain or if prosecutors were prepared to make a plea offer. *See United States v. Pender*, No. 12-6806, 2013 WL 1137452, at *2 (4th Cir. Mar. 20, 2013) (unpublished).

Here, Van Wart's counsel acted reasonably in not pursuing a plea agreement because Van Wart himself appears to have been the person most interested in going to trial. As previously discussed, Van Wart's letters to Mr. Brennan and the sworn declarations of both of his attorneys make it appear reasonably likely that Van Wart was, as counsel maintains, "insistent" on going to trial. ECF Nos. 88-2–88-4. Furthermore, unlike in *Pender*, where the Government conceded that a plea bargain would have been offered had counsel requested one, Van Wart presents no evidence that he ever asked his attorneys to seek out a plea offer, nor does Van Wart allege or AUSA Skalla indicate that the Government was prepared to make a formal plea offer. *See Pender*, 2013 WL 1137452 at *2; ECF No. 88-5. If, as seems evident from the totality of the evidence, Van Wart was prepared and even eager to proceed to trial despite his attorneys' strong recommendation that he consider pleading guilty, it was reasonable for counsel not to have pursued a plea agreement.

Fifth, Van Wart's allegation that counsel denied him the opportunity to fully consider a thirty to thirty-seven month plea agreement that he alleges AUSA Skalla offered the morning of trial is entirely without factual support. There is no evidence that such an offer was ever made. Neither Mr. Mitchell, Mr. Brennan, nor AUSA Skalla recalls any such offer being made. ECF Nos. 88-2, 88-3, 88-5. Even were their recollections faulty, it is the practice of the U.S. Attorney's Office for the District of Maryland that all formal plea agreement offers be in writing and approved by a supervisor and there is no record of any plea agreement ever being

considered, let alone actually offered. Gov't's Resp. at 14. The final key factor weighing against

the likelihood that such a plea offer was made is how dramatically out of step a thirty to thirty-

seven month offer would be in light of the nature of Van Wart's offense and his extensive

criminal record. ECF No. 88-5. AUSA Skalla avers that she

> "would not . . . have extended a plea offer of 30 to 37 months because, as I recall, Van
> Wart's base offense level and criminal history category resulted in a much higher
> guideline range than 30 to 37 months. I would not have offered to Van Wart a plea
> agreement that would have reduced his term of imprisonment years below the advisory
> guidelines range, particularly where—as here—Van Wart provided no cooperation and
> there were no other circumstances warranting a below-guidelines departure."

ECF No. 88-5 at 1–2.

Because Van Wart does not make allegations which credibly show counsel's performance

fell below an objectively reasonable standard, he cannot prevail on his ineffective assistance

during pleading claim.

ii.     *Van Wart fails to meet his burden of demonstrating a reasonable probability of
        prejudice.*

Even if Van Wart's allegations of fact were true and even if they did constitute an

objectively unreasonable level of performance by counsel, Van Wart would still have to prove a

reasonable probability that he suffered prejudice as a result. Here, Van Wart would therefore need

to prove that, but for the alleged inadequacies of counsel during pleading, (1) he would have

pleaded guilty; (2) he would have made a favorable plea agreement with the Government, and

(3) the Court would have accepted the terms of that agreement. *See* Fed. R. Crim. P. 11(c)(3);

*Missouri v. Frye*, 132 S.Ct. 1399, 1409–10 (2012); *United States v. Merritt*, 102 Fed. Appx. 303,

307 (4th Cir. 2004). This he cannot do.

First, the record does not support Van Wart's assertion that he would have pleaded guilty

but for the alleged misconduct of his attorneys. Courts look at objective factors to assess the

likelihood a petitioner would have pleaded guilty, including the potential strength of the government's case and the defendant's "repeated protestations of innocence throughout the trial." *See Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988); *Ostrander v. Green*, 46 F.3d 347, 356 (4th Cir. 1995) (strength of government's case) (overruled on other grounds); *Wolford v. United States*, 722 F. Supp. 2d 664, 691 (4th Cir. 2010) (citing *Griffin v. United States*, 330 F.3d 733, 738 (6th Cir. 2003)) (considering protestations of innocence during prejudice analysis while noting that such statements are not by themselves dispositive).

Here, the potential strength of the Government's case, though significant, did not totally eclipse Van Wart's chance of acquittal. Unlike in *Wolford*, where the case against the defendant was "overwhelming," here there were two other individuals present in Van Wart's apartment who could have owned the weapon. *Wolford*, 722 F. Supp. 2d at 691. One of these individuals, Tawana Rose, was prepared to testify that neither the weapon nor the apartment belonged to Van Wart. At the time Van Wart entered his plea, his case had a possibility of success.

Furthermore, Van Wart's letters to counsel include multiple protestations of innocence; he claimed the system was "railroading him" and asserted that he was "100% sure [he was] going to beat this." ECF No. 88-4-3. He wrote to counsel, "I don't believe you understand that I did NOT commit this crime . . . no one realizes how absurd this case is against me!" and "I am ready to come clean and prove my innocense [sic] by all means necessary." *Id*. His own writings, therefore, combined with Rose's potentially exculpatory testimony, undermine Van Wart's assertion that he would have pleaded guilty had counsel not allegedly called his case "winnable."

Second, even assuming he would have pleaded guilty if not induced to go to trial, Van Wart does not demonstrate a reasonable likelihood that he would have received a favorable plea agreement. Defendants have no constitutional right to receive plea offers; "the prosecutor need

not do so if [s]he prefers to go to trial." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 n.19 (4th Cir. 1992). Here, Van Wart merely asserts that "the US makes some type of plea offer to all federal defendants if counsel requests one." Pet'r's Reply at 10. However, AUSA Skalla states in her sworn declaration that she "would not have offered to Van Wart a plea agreement that would have reduced his term of imprisonment years below the advisory guidelines range, particularly where—as here—Van Wart provided no cooperation and there were no other circumstances warranting a below-guidelines departure." ECF No. 88-5 at 2.

Third, even if the Government would have offered a plea agreement lower than the 120 months Van Wart received at sentencing or did in fact make an offer of thirty to thirty-seven months, Van Wart has not demonstrated that the Court would have accepted that plea.[4] Instead, the record supports the opposite conclusion. The Court gave Van Wart the maximum sentence allowed by law rather than the low end of the guidelines range or a downward variance sentence. *See* Sentencing Hr'g Tr. at 49–51. During sentencing, the Court articulated clear reasons why it ordered the statutory maximum sentence:

> I cannot disregard the immense record that this relatively young man has compiled over a[n] extremely short period of time. He recently celebrated his 32nd birthday, and in spite of his young age, he has . . . the record of a 65-year-old career criminal. . . . This is not just somebody who forgot that he was a felon and had a gun in his home for self-protection under his misguided belief that it was necessary for his personal safety. This is somebody who had a very significant weapon . . . fully loaded with 23 rounds and possessed by someone who would have to be completely unintelligent to not recognize that he was a convicted felon who had no business having it.

---

[4] Courts are not parties to plea agreements and have discretion to accept or reject their terms. Fed. R. Crim. P. 11(c)(3); *see United States v. Hallman*, 226 Fed. App'x 261, 262–63 (4th Cir. 2007).

*Id*. at 46–48. The Court went on to note the proximity in which the gun was found to drugs, Van Wart's prior involvement with guns, theft, and drugs, and his "track record of recidivism" before considering each of the factors under 18 U.S.C. § 3553(a). *Id.* at 49–51. Given the Court's thorough consideration of the facts of this case and Van Wart's prior history, there is little reason to believe that even had Van Wart plead guilty and obtained a plea agreement from the Government, the Court would have accepted it and given Van Wart a sentence of fewer than 120 months imprisonment.

Because Van Wart's allegations, dubious or otherwise, fail to satisfy both the performance and prejudice prongs under *Strickland*, Van Wart's claim that he received ineffective assistance of counsel during pleading cannot prevail.

    B.  <u>Van Wart's Ineffective Assistance of Counsel at Sentencing Claim Fails.</u>

Van Wart further alleges he received ineffective assistance of counsel at sentencing because his attorneys failed to object to the application of two sentencing guidelines enhancements. Pet'r's Mot. Vacate at 3–5. He first argues that counsel should have objected to the application of a four-level enhancement under U.S.S.G § 2K2.1(b)(6)(B) for possessing a weapon in connection with another felony offense. *Id*. He then argues that counsel erred in withdrawing an objection to a two-level enhancement under U.S.S.G. § 3C1.1 for obstructing justice. *Id*. Van Wart argues that if not for these alleged deficiencies during sentencing, his sentence would have been substantially shorter. *Id*.

As previously explained, this claim is judged under the *Strickland* framework. *Stitt*, 552 F.3d at 350. Van Wart must therefore show that his allegations constitute objectively unreasonable performance and that he was actually prejudiced by them. *Id*. For the following reasons, Van Wart fails to meet his burden.

i.    *Counsel's performance during consideration of the § 2K2.1(b)(6)(B) enhancement was not objectively unreasonable.*

The § 2K2.1(b)(6)(B) enhancement applies when a defendant possesses a weapon "in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B). A "felony offense" for the purposes of § 2K2.1 is any crime punishable by more than one year imprisonment, "regardless of whether a criminal charge was brought, or a conviction obtained." *Id*. at cmt. n.14(C). Application notes clarify that the enhancement applies when a weapon is "found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia" because the mere presence of the weapon "has the potential of facilitating" a drug trafficking offense. *Id*. at cmt. n.14(B).

The PSR recommended that § 2K2.1(b)(6)(B) apply because Van Wart's weapon was found in close proximity to the tell-tale signs of drug trafficking—large quantities of ammunition, drugs, unused plastic bags, and a digital scale. *See* Sentencing Hr'g Tr. at 6–7. After a long and lively debate between counsel and AUSA Skalla, the Court determined that the enhancement would apply. *Id*. at 20–23.

Van Wart argues that counsel did not sufficiently oppose the application of this enhancement and that counsel's performance was therefore objectively unreasonable and prejudicial. Pet'r's Mem. at 21. Van Wart argues that after the Court decided to apply the enhancement, Mr. Mitchell should have again objected because the Court did not specifically identify the statute under which the uncharged drug trafficking offense was a felony and because the "other felony offense" in this case was actually a misdemeanor. *Id*.

Mr. Mitchell's decision not to raise a further objection after already arguing against the enhancement was not objectively unreasonable. First, counsel did not have grounds to object because the Court did not err in applying § 2K2.1(b)(6)(B). Van Wart is incorrect in his claim

that the uncharged "felony offense" here was actually a misdemeanor. Pet'r's Mot. Vacate at 18.

He alleges that, at most, he was distributing small amounts of marijuana for no remuneration, an

offense punishable by less than one year imprisonment under 21 U.S.C. § 841(b)(4) and 21

U.S.C. § 844. *Id.*, Pet'r's Mem. at 22. However, Van Wart had a digital scale and unused plastic

bags, and Agbemble testified that he and Van Wart would sometimes sell marijuana to friends.

Sentencing Hr'g Tr. at 10. The Court reasoned that the sum of this evidence pointed to Van Wart

being engaged in distributing marijuana for remuneration, despite his apparently low supply at

the time of arrest. *Id*. at 22–23. Van Wart's uncharged offense, therefore, was one for which the

penalty is up to five years imprisonment under 18 U.S.C. 841(b)(1)(D), qualifying as a felony for

the purposes of the § 2K2.1(b)(6)(B) enhancement.

Second, the mere failure to object to the application of a sentencing enhancement is not

objectively unreasonable unless such application is seriously inconsistent with controlling

precedent and the guidelines' application notes. *See United States v. Mikalajunas*, 186 F.3d 490,

493 (4th Cir. 1999) (holding that attorney's decision not to challenge application of a sentencing

enhancement, absent controlling authority, was not objectively unreasonable and was, "at worst .

. . a miscalculation of the likelihood of success of such a challenge"); *see also United States v.

Smith*, 497 Fed. App'x 269, 272–73 (4th Cir. 2012) (unpublished) (holding that attorney's failure

to object when defendant was assessed a criminal history point for a "failure to appear"

conviction was objectively unreasonable because Fourth Circuit precedent and Sentencing

Guidelines application notes gave clear guidance that no such assessment should be made). Here,

Application Note 14(B) specifically anticipates a case like Van Wart's and no binding authority

has held the application of a § 2K2.1(b)(6)(B) enhancement inapposite under similar

circumstances. U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.14(B). Thus, because there

were no grounds for objection and because even if there were, mere failure to object is not unreasonable, Van Wart has not shown that counsel's performance during the Court's consideration of the § 2K2.1(b)(6)(B) enhancement was objectively unreasonable.

ii. *Counsel's performance during consideration of the § 3C1.1 enhancement was not objectively unreasonable.*

A two-level § 3C1.1 enhancement applies when a defendant obstructs or impedes the administration of justice, including through suborning perjury. U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.4(B). Van Wart argues that counsel's withdrawal of an objection to this enhancement during sentencing was objectively unreasonable.

Counsel counters—and AUSA Skalla corroborates—that the objection was withdrawn because Van Wart admitted in a post-conviction proffer session to arranging for Tawana Rose to testify falsely. ECF Nos. 88-2, 88-3, 88-5. Mr. Mitchell and Mr. Brennan both provide their handwritten notes from the proffer, which support that account. ECF No. 88-4. Van Wart generally disputes that he admitted to suborning perjury, although he concedes that Rose's testimony was false. Pet'r's Reply at 7–8. He does not, however, provide any reason Rose would perjure herself without his encouragement, nor does he try to explain why he did not tell counsel until the proffer session that he knew Rose's testimony was false. The totality of the circumstances shows that counsel had good reason to withdraw an objection to the § 3C1.1 enhancement that would have garnered a quick and well-founded counter-argument from AUSA Skalla and further undermined Van Wart's credibility during sentencing, a time when he needed it most. Van Wart, therefore, has not shown that counsel's decision to withdraw the objection was not "sound strategy." *See Kimmelman*, 477 U.S. at 384.

Because the record does not support Van Wart's allegations that counsel acted unreasonably during sentencing, and because he cannot demonstrate that he was prejudiced by counsel's performance, Van Wart's ineffective assistance at sentencing claim fails.

iii.   *Van Wart cannot show that he suffered prejudice as a result of counsel's performance during sentencing.*

Van Wart's prejudice arguments with regard to both sentencing enhancements suffer from the same defect. Sentencing enhancements affect a defendant's Offense Level, which in turn dictates a sentencing range within the U.S. Sentencing Guidelines. However, after *Booker*, courts are not bound by the range and merely must it into account. *Booker*, 543 U.S. at 248–49, 259–60. Courts are free, upon consideration of the factors in 18 U.S.C. § 3553(a), to make upward or downward departures. *See id*.

Van Wart's argument is that but for counsel's alleged errors during the sentencing hearing, he would have received a lower sentence. In essence, he believes that had counsel objected as he argues they should have, there is a reasonable probability they would have been successful and a reasonable probability that his sentence would ultimately have fallen within a lower recommended sentencing range.

Van Wart has not provided any evidence to justify his belief. As already discussed, the enhancements were appropriately applied and so it is unlikely that counsel's objections would have changed Van Wart's recommended guidelines range. But more critically, the Court carefully considered each factor under § 3553(a) and made a deliberate judgment to order the statutory maximum sentence. Sentencing Hr'g Tr. at 45–51. The Court's decision was based upon factors surpassing the issues raised by the sentencing enhancements, including Van Wart's history of recidivism. *Id*. The Court stated "that if there ever were a case that cried out for the maximum sentence . . . this is one of them." *Id*. at 51. There is simply no reason to believe that even if

counsel's objections had succeeded in changing this Court's decision to apply the § 2K2.1(b)(6)(B) and § 3C1.1 enhancements, the Court would have sentenced Petitioner to a lesser term of incarceration. Thus, he cannot bear his burden to prove that he suffered prejudice from counsel's performance at sentencing and his ineffective assistance at sentencing claim must fail.

C. Van Wart's Ineffective Assistance of Counsel On Appeal Claim Fails.

Van Wart alleges that his appellate counsel, John Davidson, provided ineffective assistance on appeal because Davidson did not pursue challenges to the Court's application of the § 2K2.1 and § 3C1.1 sentencing enhancements. Pet'r's Mem. at 37. This allegation too is judged by applying the test in *Strickland*. *Jarvis*, 236 F.3d at 164.

Appellate counsel's performance is not unreasonable merely because he did not raise all non-frivolous issues on appeal; attorneys are expected to winnow out weaker issues. *See Jarvis*, 236 F.3d at 164 (quoting *Jones v. Barnes*, 463 U.S. 745, 752 (1983)) ("Counsel is not obligated to assert all non-frivolous issues on appeal, as 'there can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review'"). "[C]ourts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, appellate counsel cannot be found ineffective for failing to raise meritless issues. *See, e.g., Moore v. United States*, 934 F. Supp. 724, 731 (E.D.Va. 1996) ("[T]here can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument. Failure to raise a meritless argument can never amount to ineffective assistance"); *Hurte v. United States*, No. 5:08-0124, 2011 WL 3902753, at *6 (S.D.W.V. June 30, 2011) (holding that appellate counsel was not ineffective for failing to raise an issue the court already held to be meritless).

Here again, Van Wart fails to satisfy either prong of *Strickland*. As previously addressed, both sentencing enhancements were appropriately applied by the Court and trial counsel acted reasonably during sentencing. Because a challenge to the application of the sentencing enhancements would therefore be meritless, Mr. Davidson acted reasonably in pursuing other grounds on appeal. *See Hurte*, 2011 WL 3902753 at *6. For the same reasons, Van Wart cannot show he was prejudiced. Thus, Van Wart's claim that he received ineffective assistance on appeal fails.

As a final matter, despite Van Wart's numerous and creative allegations to the contrary, the record shows that he received adequate assistance throughout the criminal proceedings and is serving a substantially lower sentence because of counsel's advocacy. As the Court noted during the sentencing hearing, counsel's efforts prior to the sentencing hearing reduced Van Wart's overall sentencing exposure from 262 to 327 months down to a maximum sentence of 120 months. Sentencing Hr'g Tr. at 45. Van Wart may be disappointed with the sentence he ultimately received, but none of his arguments seeking to place blame on his trial or appellate counsel has any merit.

## II.     Van Wart's Claim that 18 U.S.C. § 922(g) is Unconstitutional

Petition also claims that the statute under which he was convicted, 18 U.S.C. § 922(g), is unconstitutional. He argues that § 922(g), which prohibits possession by a convicted felon of a weapon that has traveled in interstate commerce, exceeds Congress' power under the Commerce Clause and violates the Tenth Amendment.

Van Wart's claim is procedurally barred because he did not raise the issue on appeal and is only now making the claim in his § 2255 motion. Even if the claim were not barred, however,

the Fourth Circuit has clearly established that § 922(g) does not exceed the scope of the commerce clause and is a constitutional exercise of Congressional power.

A. Van Wart's Claim is Procedurally Defaulted.

Claims of constitutional error must be brought upon direct appeal and ordinarily may not be raised in a § 2255 motion. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal"). A petitioner may overcome this impediment if he can show cause excusing his failure to raise the issue on appeal and "actual prejudice." *See id.* at 167; *United States v. Colton*, 8 F.3d 821 (4th Cir. 1993) (unpublished). A petitioner can also overcome the procedural bar if he can show that a procedural default would lead to a "fundamental miscarriage of justice," which has generally been interpreted to mean that he must make a "credible showing of actual innocence." *See, e.g., McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

Van Wart concedes that he has not shown cause to surmount the procedural default of his claim. Pet'r's Reply at 28. Citing an unreported case, he instead argues that the "miscarriage of justice" exception applies in the context of an attack on the constitutionality of the statute of conviction. *Fry v. Patseavouras*, 974 F.2d 1330 (4th Cir. 1992) (unpublished). In *Fry*, a defendant was convicted under North Carolina law prohibiting oral sex. *Id.* at *1. The Fourth Circuit considered his collateral attack on the conviction on its merits even though it was procedurally barred and even though he could not show cause, stating that "to refuse review of a conviction for constitutionally protected conduct would result in a fundamental miscarriage of justice." *Id.* at *3.

Van Wart argues that here, like in *Fry*, the court ought to reach the constitutionality of § 922(g) even though he cannot show cause. Pet'r's Reply at 28. However, as an unreported

decision, *Fry* is not binding authority. Moreover, the Fourth Circuit has not seen fit to extend its holding in *Fry* beyond the facts of that case the twenty-one years after it was issued. Instead, it held in *Mikalajunas* that "in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant *must* show actual innocence by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 493 (emphasis added).

Because Van Wart's claim is procedurally defaulted, he does not show cause, and he is not at risk of a "fundamental miscarriage of justice," Van Wart's claim that § 922(g) is unconstitutional is not cognizable during these proceedings.

B.  <u>Even if Van Wart's Claim were not Procedurally Barred, the Fourth Circuit has Established that § 922(g) is Constitutional.</u>

Van Wart argues that § 922(g) is unconstitutional because the power to police the possession of firearms by felons exceeds the powers granted to Congress in the Commerce Clause and thus rests with the states. Pet'r's Mot. Vacate at 38. He argues that after the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549 (1995), which struck down a law prohibiting the possession of firearms in proximity to schools as having no relation to interstate commerce, § 922(g) similarly exceeds the scope of the commerce clause. Pet'r's Mot. Vacate at 42. He is incorrect.

The Fourth Circuit addressed this issue head-on just one year after *Lopez* in *United States v. Wells*. 98 F.3d 808, 811 (1996). Section 922(g) expressly requires the government to prove that the weapon in question "ship[ped] or transport[ed] in interstate or foreign commerce," was "possess[ed] in or affect[ed] commerce," or was received after having "been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g). The Fourth Circuit ruled that this jurisdictional "hook" limits the applicability of the statute, rendering it wholly within the

scope of the commerce clause. *Id.*[5] The Fourth Circuit has reaffirmed that ruling in *Wells* dozens of times since, including several times the same year Van Wart filed his § 2255 motion. *See, e.g., United States v. Kline*, 494 Fed. Appx. 323, 325 (4th Cir. 2012). Thus, even if Van Wart's claim were cognizable on a § 2255 motion, it is altogether meritless.

### CERTIFICATE OF APPEALABILITY

Van Wart may not appeal this Court's order denying him relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will only issue if Van Wart has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2006); *Hardy*, 227 Fed App'x at 273. A petitioner "satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *See Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003); *United States v. Riley*, 322 Fed. App'x 296, 297 (4th Cir. 2009) (unpublished).

Here, the Court has assessed Van Wart's Sixth Amendment claims on the merits and found them deficient. Van Wart raised numerous arguments and allegations of fact, yet failed to satisfy either prong of *Strickland*. To find this outcome "debatable or wrong," jurists would need to swallow the array of incredible allegations of fact which prop up Van Wart's claims.

As for Van Wart's claim that § 922(g) is unconstitutional, even if reasonable jurists could disagree as to whether the claim is procedurally barred, the Court's ruling is based on the Fourth Circuit's emphatic and repeated decisions holding that the statute is a constitutional exercise of congressional power. Thus, reasonable jurists would not find the Court's ruling on that claim

---

[5] Van Wart does not dispute that the weapon he was convicted for possessing was within the

debatable. Van Wart therefore cannot demonstrate that the Court's ruling is "debatable" and no certificate of appealability shall issue.

## CONCLUSION

For a variety of reasons, all of Van Wart's allegations that he received ineffective assistance of counsel in violation of the Sixth Amendment fail. Further, his claim that 18 U.S.C. § 922(g) is unconstitutional fails. The final claim raised in his original motion was that the Court should stay review of his § 2255 motion awaiting resolution of a writ of actual innocence for his predicate felony offense which was pending in the Virginia Supreme Court at the time. Pet'r's Mem. at 36. That court has denied the writ and so Van Wart's final claim is moot.

For the foregoing reasons, Van Wart's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied and no certificate of appealability shall issue on either claim he raises. A separate order follows.


<u>Date</u>: July 18, 2013

_____
/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

_____

interstate commerce hook in § 922(g).